UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS DANIELKIEWICZ, et al.,

    Plaintiffs,

v.

WHIRLPOOL CORPORATION,

    Defendant.
                              /

Case No. 2:18-cv-13599

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S MOTION TO DISMISS [36]**

On November 19, 2018, Plaintiffs filed a class action complaint against Defendant Whirlpool Corporation. ECF 1. The case was reassigned to the undersigned as a companion case to an earlier filed class action complaint, *Schechner et al. v. Whirlpool Corporation*, 2:16-cv-12409. ECF 4. On December 21, 2018, the Court consolidated *Danielkiewicz, et al. v. Whirlpool Corporation*, No. 2:18-cv-13599 with *Angerman, et al. v. Whirlpool Corporation*, No. 2:18-cv-13832. ECF 12. On February 18, 2019, Defendant filed a motion to dismiss for failure to state a claim. ECF 25. On March 29, 2019, Plaintiffs filed an amended, consolidated class action complaint, and the Court found moot Defendant's initial motion to dismiss. ECF 30, 40. On May 13, 2019, Defendant filed a motion to dismiss the amended complaint. ECF 36. The Court reviewed the briefs and finds that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below, the Court will grant in part and deny it in part Defendant's motion.

1

## BACKGROUND

Fifteen Plaintiffs—Thomas and Katherine Danielkiewicz, Don Martin, John Curcio, Georgia Stamates, Arlene Powers, Nancy Leonti, Linda Watts, Claudia Goodman, Ray and Kris Angerman, Paula Stockbridge, Janice Parker, Tania Jenkins, Terry and Rick Moeller, Lynn Apgar, and Richard and Gloria Hahn—from eight states filed a consolidated class action complaint alleging causes of action related to Defendant's "AquaLift" self-cleaning oven technology. ECF 30. The claims stem from allegations that Defendant's ovens failed to adequately "self-clean" and that Defendant's marketing and advertising misrepresented the effectiveness of the self-cleaning technology.

Plaintiffs raise the following claims: (1) violations of the Magnuson-Moss Warranty Act ("MMWA")—Implied Warranty, 15 U.S.C. § 2301; (2) Breach of Contract; (3) Breach of UCC Express Warranty; (4) Breach of UCC Implied Warranty of Merchantability; (5) Unjust Enrichment; (6) violations of the Michigan Consumer Protection Act ("MCPA"), M.C.L.A. § 445.902; (7) violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.204; (8) violations of the New York General Business Law, GBL § 349; (9) violations of the New York General Business Law, GBL § 350; (10) violations of the California Consumer Legal Remedies Act ("CLRA"), CLRA § 1761; (11) violations of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200; (12) violations of the Missouri Merchandising Practices Act ("MMPA"), § 407.010 RSMo; (13) violations of the Minnesota Prevention of Consumer Fraud Act ("MCFA")—Unlawful Practices, Minn.

Stat. §§ 325F.68, 8.31; (14) violations of the MCFA—False Statement in Advertisement, Minn. Stat. § 325F.67; (15) violations of the Minnesota Uniform Deceptive Trade Practices Act ("MDTPA"), Minn. Stat. § 325D.43; (16) violations of the Washington Consumer Protection Act ("WCPA"), Wash. Rev. Code. Ann. § 19.86.010; (17) violations of the Georgia Fair Business Practices Act ("GFPBA"), Ga. Code. Ann. § 10-1-390; and (18) violations of the Georgia Uniform Deceptive Trade Practices Act ("GUDTPA"), Ga. Code Ann. §10-1-370. *Id.* at 1365–1410. Defendant's partial motion to dismiss addressed many but not all of the claims. ECF 36.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint that fails to state a claim upon which relief can be granted. When evaluating a claim under Rule 12(b)(6), the Court views the complaint in the light most favorable to the plaintiffs, presumes the truth of all well-pled factual assertions, and draws every reasonable inference in favor of the non-moving party. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court may only grant a 12(b)(6) motion to dismiss if the allegations are not "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (internal citation omitted)). If "a cause of action fails as a matter of law, regardless of whether the plaintiff's factual

allegations are true or not," then the Court must grant dismissal. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

## DISCUSSION

Defendant argues that all Plaintiffs' breach of contract claim, some Plaintiffs' warranty claims, and some Plaintiffs' state law claims fail to state a claim upon which relief can be granted. ECF 36, PgID 2360. The Court will address each claim in turn.

I.  Breach of Contract Claim

Defendant argues that Plaintiffs' breach of contract claim fails because they did not sufficiently plead facts alleging that Defendant formed a contract with Plaintiffs. *Id.* at 2374. Plaintiffs allege that Defendant's advertising of the self-cleaning oven technology constituted an offer that Plaintiffs accepted when they purchased ovens with the AquaLift self-cleaning technology. ECF 30, PgID 1367. In the alternative, Plaintiffs allege that they are intended third-party beneficiaries of the contracts between Defendant and various retailers. *Id.* at 1368.

A contract requires an "offer, acceptance, consideration, and sufficient specification of essential terms." *See, e.g., St. Joe Corp. v. McIver*, 875 So. 2d 375, 381 (Fla. 2004). Generally, "an advertisement does not constitute an offer." *Leonard v. Pepsico, Inc.*, 88 F. Supp. 2d 116, 122 (S.D.N.Y. 1999). Privity of contract exists between contracting parties and intended beneficiaries. *See Montgomery v. Kraft Foods Glob., Inc.*, No. 1:12-CV-00149, 2012 WL 6084167, at \*13 (W.D. Mich. Dec. 6, 2012), *aff'd*, 822 F.3d 304 (6th Cir. 2016). The intent of the contracting parties determines whether a third-party beneficiary is intended or incidental. *See, e.g.*,

4

*Schmalfeldt v. N. Pointe Ins. Co.*, 469 Mich. 422, 428–29 (2003). If the contracting parties "have undertaken to give or do something directly to or for" a third party, then the third party becomes an intended beneficiary. *Montgomery*, 2012 WL 6084167, at *18 (emphasis omitted). And if the contracting parties have not done so, then the third party is an incidental beneficiary and lacks privity of contract. *Id.* "It is axiomatic in the law of contract that a person not in privity cannot sue on a contract." *DAFCO LLC v. Stewart Title Guar. Co.*, 331 P.3d 491, 496 (Idaho 2014) (quoting *Wing v. Martin*, 688 P.2d 1172, 1177 (Idaho 1984)). Thus, "only intended, rather than incidental, third-party beneficiaries may sue when a contractual promise in their favor has been breached." *Montgomery*, 2012 WL 6084167, at *13 (citations omitted).

Here, each Plaintiff alleges that he or she purchased the oven from a third-party retailer. *See* ECF 30, PgID 1257–75. The fact that Defendant's written warranty on the self-cleaning technology was included with the purchase does not create privity of contract between Plaintiffs and Defendant. *See Henderson v. Chrysler Corp.*, 191 Mich. App. 337, 342–43 (1991). Privity of contract therefore only exists if Plaintiffs are intended third-party beneficiaries of the contracts between Defendant and the third-party retailers. *See Montgomery*, 2012 WL 6084167, at *18.

But Plaintiffs failed to plead facts that show that Defendant and the third-party retailers specifically intended their contracts to directly benefit Plaintiffs or that Plaintiffs—end-user consumers—as intended beneficiaries to a contract between Defendant—a remote manufacturer—and the retailers. *See Schechner v. Whirlpool Corp.*, 237 F. Supp. 3d 601, 608 (E.D. Mich. 2017). Because Plaintiffs have pleaded

5

insufficient facts to establish privity of contract between Defendant and Plaintiffs, the Court will dismiss with prejudice Plaintiffs' breach of contract claim.

II. <u>Warranty Claims</u>

Plaintiffs allege three warranty-based claims: breach of MMWA implied warranty, breach of UCC express warranty, and breach of UCC implied warranty. Defendant argues that the warranty-based claims as to some of the Plaintiffs should be dismissed because (1) six Plaintiffs failed to sufficiently plead reasonable notice and (2) four Plaintiffs lack privity to bring implied warranty claims. ECF 36, PgID 2378, 2386. Defendant further argues that for each Plaintiff's UCC warranty claim that fails, that Plaintiff's MMWA implied warranty claim fails as well. *Id.* at 2388–89. The Court will address each argument in turn.

    A.    *Pre-Suit Notice*

Defendant argues that the Court should dismiss the UCC express and implied warranty claims of the Danielkiewiczs, Powers, Leonti, Apgar, and Stockbridge for lack of pre-suit notice. *Id.* at 2378. State law governs Plaintiffs' express and implied warranty claims. *See In re Ford Motor Co. Speed Control Deactivation Switch Prods. Liab. Litig.*, No. MDL 1718, 2007 WL 2421480, at *6 (E.D. Mich. Aug. 24, 2007) ("[W]arranty claims asserted by the Florida, Texas and Illinois Plaintiffs are governed by those states' UCC statutes."); *see also Schultz v. Tecumseh Prods.*, 310 F.2d 426, 428 (6th Cir. 1962) (holding that under Michigan conflict-of-law rules, "the law of the place of the sale determines the extent and effect of the warranties which attend the sale"); UCC § 1-301 cmt. 2 (stating that the UCC "applies to any

6

transaction which takes place in its entirety in a state which has enacted" the Code). As a result, the Court will apply the law of the state where each Plaintiff purchased an oven.

The Danielkiewiczs purchased their oven in Michigan. ECF 30, PgID 1257. Powers and Leonti purchased their ovens in California. *Id.* at 1266, 1268. Apgar purchased her oven in New York. *Id.* at 1264. And Stockbridge purchased her oven in Washington. *Id.* at 1271. Under Michigan, California, New York, and Washington law, a buyer who seeks to assert a warranty claim "must within a reasonable time after he [or she] discovers or should have discovered any breach notify the seller of breach or be barred from any remedy." *See* Mich. Comp. Laws § 440.2607(3)(a); Cal. Com. Code § 2607(3)(A); N.Y. U.C.C. § 2-607(3)(a); Wash. Rev. Code Ann. § 62A.2-607(3)(a). Legally sufficient notice "let[s] the seller know that the transaction is still troublesome and must be watched." *See, e.g.*, *Malkamaki v. Sea Ray Boats, Inc.*, 411 F. Supp. 2d 737, 742 (N.D. Ohio 2005) (quoting U.C.C. § 2-607, cmt. 4).

The Danielkiewiczs allege that they purchased their oven in June 2016, and that they first noticed the AquaLift feature to be unsuccessful about one week after they purchased it. ECF 30, PgID 1257–58. But they did not contact Whirlpool until August 2017, after they first contacted the Lowe's store where they purchased the oven to seek a refund. *Id.* at 1258–59. The Danielkiewiczs contacted Whirlpool again one week after the initial contact. *Id.* at 1259. Michigan courts have held that an eight-month delay in providing notice is unreasonable, particularly when the plaintiff failed to allege any justification for the delay. *See Eaton Corp. v. Magnavox Co.*, 581

7

F. Supp. 1514, 1532 (E.D. Mich. 1984). The Danielkiewiczs waited 14 months to provide notice of a potential problem with the AquaLift system—an unreasonable amount of time—and did not allege any reason for the long delay. The Court will therefore dismiss without prejudice the Danielkiewiczs' breach of implied UCC warranty claim for lack of timely notice.

Powers alleged that she purchased her oven in January 25, 2015. ECF 30, PgID 1266. She does not allege the date that she first became aware that the AquaLift feature was not working as advertised, but rather alleged that she ran the feature more than once after the oven was installed. *Id.* at 1267. Powers alleged that she spoke with Sears technicians on two separate occasions in October 2016 and January 2017. *Id.* It was after the second service visit that Powers contacted KitchenAid, a wholly-owned subsidiary of Defendant, to complain about the AquaLift feature. *Id.* at 1268. Viewing the complaint in the light most favorable to Powers, she seemingly became aware of potential issues with the AquaLift feature around the time she first called Sears in October 2016. She then contacted KitchenAid directly in January 2017. *Id.* California courts have held that as a matter of law four months is an unreasonable amount of time to delay notice. *See Fieldstone Co. v. Briggs Plumbing Prods., Inc.*, 54 Cal. App. 4th 357, 370 (1997) (citing *Ice Bowl, Inc. v. Spalding Sales Corp.*, 56 Cal. App. 2d 918, 921–22 (1943) *superseded by statute*, the Right to Repair Act, Cal. Civ. Code § 895, *et seq.*, *as recognized in Greystone Homes, Inc. v. Midtec, Inc.*, 168 Cal. App. 4th 1194, 1213 (2008)). Powers waited three to four months at a minimum before contacting Defendant. The delay in notice is unreasonable here

8

because of the length of time and because she had sufficient knowledge to provide notice when she made the two service calls to Sears and therefore could have—and should have—contacted Defendant at the same time. *See Tasion Commc'ns, Inc. v. Ubiquiti Networks, Inc.*, No. C-13-1803 EMC, 2014 WL 2916472, at *11 (N.D. Cal. June 26, 2014).

Leonti alleges that she purchased her oven in March 2015. ECF 30, PgID 1268. Similar to Powers, Leonti does not allege the specific time when she used the AquaLift feature and realized that it did not work as advertised. Rather, she alleged that the first time she ran the feature after purchasing the oven it did not clean her oven. *Id.* She never alleged that she provided any form of notice to Whirlpool before initiating the present action, and her warranty-based claims must fail. *See Alvarez v. Chevron Corp.*, 656 F.3d 925, 932–33 (9th Cir. 2011) ("The first time Cardinal provided any notice to T & B was when Cardinal served its lawsuit on T & B. This did not comply with the statutory requirement.") (citing *Cardinal Health 301, Inc. v. Tyco Elecs. Corp.*, 169 Cal. App. 4th 116, 137 (2008)).

As to both Powers and Leonti, Plaintiffs claim that under California law, neither was required to provide pre-suit notice. ECF 37, PgID 2446–47. Plaintiffs cite to an exception by which "a consumer need not provide notice to a manufacturer before filing suit against them." *Keegan v. Am. Honda Motor Co., Inc.*, 838 F. Supp. 2d 929, 950–51 (C.D. Cal. 2012). But Plaintiffs overstate the exception. California courts apply the exception only when a consumer is not sophisticated and when the

9

consumer has not dealt directly with the manufacturer.[1] *See Fieldstone Co.*, 54 Cal. App. 4th at 369–70; *Beck v. FCA US LLC*, 273 F. Supp. 3d 735, 756 (E.D. Mich. 2017). Here, Powers and Leonti are individual consumers, rather than large commercial buyers who are in the business of purchasing ovens, and would therefore not be considered sophisticated buyers. But Powers has alleged facts that indicate she dealt directly with Defendant—the manufacturer. ECF 30, PgID 1268; *see also Park-Kim v. Daikin Indus., Ltd*, No. 2:15-09523-CAS(KKx), 2016 WL 5958251, at *20 (C.D. Cal. Aug. 3, 2016). In that case, Leonti falls under the exception to the notice requirement. But since Powers is not entitled to the exception, the pre-suit notice requirement must apply to her. And as determined above, Powers did not provide sufficient notice. The Court will therefore dismiss Powers' breach of express and implied warranty claims for lack of pre-suit notice. But the Court will deny Defendant's motion to dismiss as to Leonti's breach of express and implied UCC warranty claims for lack of pre-suit notice.

Apgar alleges that she purchased her oven in September 2016, and that she first realized that the AquaLift feature was ineffective in December 2016. ECF 30, PgID 1263–64. But Apgar did not contact Whirlpool until January 6, 2019—more than two years after she first believed that the AquaLift feature did not perform as

---

[1] Although some courts have not extended the exception beyond the personal injury realm, the California Supreme Court has not determined whether the exception is limited to those types of cases. But based on the prior application of the notice rule and the exception, the Court is persuaded that the California Supreme Court would not likely limit the exception to the personal injury realm. *See In re Ford Motor Co. E-350 Van Prods. Liab. Litig. (No. II)*, No. 03-4558(HAA), 2008 WL 4126264, at *11 (D.N.J. Sept. 2, 2008) (applying California law and collecting cases).

advertised. *Id.* at 1265. The more than two-year period that she waited before contacting Whirlpool was, as a matter of law, unreasonable. *See Tomasino v. Estee Lauder Cos.*, 44 F. Supp. 3d 251, 261 (E.D.N.Y. 2014). The Court will therefore dismiss without prejudice Apgar's breach of express UCC warranty claim.

Stockbridge alleges that, in February 2016, she purchased her oven and that within three months of purchasing it, she noticed that the AquaLift feature did not work as advertised. ECF 30, PgID 1271–72. Stockbridge contacted a retailer about the feature, but she has not alleged that the retailer was an authorized dealer of the ovens or that she ever contacted Whirlpool individually. *Id.* at 1272. Washington has a downstream purchaser exception wherein the notice requirement applies only to a buyer's "knowledge of a defect prior to acceptance, and does not apply to downstream purchasers." *Cats v. Monaco RV, LLC*, No. C15-1585-JCC, 2016 WL 5253204, at *4 (W.D. Wash. Sept. 22, 2016). Here, Defendant is the manufacturer of the oven and the AquaLift feature in the oven. ECF 30, PgID 1276. And Stockbridge alleged that she purchased her oven from Albert Lee Appliance, not from Defendant. *Id.* at 1272. The buyer is Albert Lee Appliance, and Stockbridge is the downstream purchaser. The exception applies to Stockbridge, and pre-suit notice was therefore not required. The Court will deny Defendant's motion to dismiss as to Stockbridge's breach of express and implied UCC warranty claims for lack of pre-suit notice.

B.   *Privity*

Defendant also argues that Powers, Leonti, Stamates, and Stockbridge's implied UCC warranty claims fail for lack of privity. ECF 36, PgID 2386. Because

Powers' implied warranty claims fail for lack of pre-suit notice, the Court need only address the argument as to Leonti, Stamates, and Stockbridge.

Under California and Washington law, lack of privity between a manufacturer and a buyer generally precludes a claim for breach of warranty. *See Tapia v. Davol, Inc.*, 116 F. Supp. 3d 1149, 1159–60 (S.D. Cal. 2015) (citations omitted); *Babb v. Regal Marine Indus., Inc.*, 186 Wash. App. 1003, *2 (2015). Here, no Plaintiff alleges that she purchased the oven directly from Defendant. *See* ECF 30, PgID 1257–75. As determined above, Leonti, Stamates, and Stockbridge failed to allege facts that, taken as true, would establish privity of contract with Defendant.

California Plaintiffs Leonti and Stamates contend that under California law, there is an exception to the privity requirement when the plaintiff is the intended beneficiary of the implied warranties in the agreement between manufacturers and retailers. ECF 37, PgID 2452. But as the Court determined above, Plaintiffs have failed to allege that they are third-party beneficiaries to the contracts between Defendant and the various retailers. The Court will therefore dismiss Leonti's and Stamates' implied UCC warranty claims for lack of privity.

As to Stockbridge—a Washington Plaintiff—Plaintiffs argue that Washington courts have found privity in situations similar to the present case. *Id.* at 2452–53 (citing *Cats*, 2016 WL 5253204, at *4). But the cited cases involved plaintiffs who were determined to be beneficiaries to underlying contracts between a manufacturer and the retailer. *See Touchet Valley Grain Growers, Inc. v. Opp. & Seibold Gen. Const., Inc.*, 831 P.2d 724, 729 (Wash. 1992); *Kadiak Fisheries Co. v. Murphy Diesel*

*Co.*, 422 P.2d 496, 503–04 (Wash. 1967). Here, as determined above, Stockbridge has not alleged that she is a beneficiary to the contract between Defendant and the retailer from which she purchased her oven. The Court will therefore dismiss Stockbridge's implied UCC warranty claims for lack of privity.

  C. *MMWA Implied Warranty Claims*

The MMWA "creates a federal cause of action for violation of a warranty implied by state law[.]" *In re Anheuser-Busch Beer Labeling Mktg. & Sales Practices Litig.*, 644 F. App'x 515, 516 (6th Cir. 2016) (citing 15 U.S.C. §§ 2301(7), 2310(d)(1)(B)). Plaintiffs' MMWA implied warranty claims will succeed—or fail—for the same reasons as their state-law UCC implied warranty claims. As noted above, the Danielkiewiczs' UCC implied warranty claim fails for lack of notice. Their MMWA implied warranty claim therefore also fails for the same reason. Goodman's UCC implied warranty claim was voluntarily dismissed. And Plaintiffs do not address Defendant's argument that Goodman's MMWA claim should likewise be dismissed, seemingly conceding to its dismissal. *See* ECF 41, PgID 2714. Accordingly, the Court will dismiss without prejudice the MMWA implied warranty claims of the Danielkiewiczs and Goodman.

III. <u>State Law Claims</u>

Defendant moves to dismiss Plaintiffs' state law causes of action for violations of the Minnesota Uniform Deceptive Trade Practices Act ("MUDTPA"), the Georgia Uniform Deceptive Trade Practices Act ("GUDTPA"), and the Georgia Fair Business Practices Act ("GFBPA"). The Court will address each in turn.

### A. MUDTPA and GUDTPA

Defendant argues that Plaintiffs' claims under the MUDTPA and GUDTPA must fail because they seek relief beyond just injunctive relief. ECF 36, PgID 2391–92. Plaintiffs do not address or contest the assertion. Defendant is correct that the sole remedy available under both the MUDTPA and the GUDTPA is injunctive relief. *Alsides v. Brown Inst., Ltd.*, 592 N.W.2d 468, 476 (Minn. Ct. App. 1999) (based on the plain language of the act, "the sole statutory remedy for deceptive trade practices is injunctive relief"); *Collins v. Athens Orthopedic Clinic*, 815 S.E.2d 639, 648 (Ga. Ct. App. 2018). In their amended, consolidated complaint, Plaintiffs seek "all available remedies under law, including, but not limited to, actual damages" on their MUDTPA claims and seek an injunction with "any other just and proper relief" on their GUDTPA claims. ECF 30, PgID 1401, 1410. Plaintiffs therefore cannot proceed on their non-injunctive MUDTPA and GUDTPA claims.

Defendants also argue that both claims should be dismissed because Plaintiffs fail to show how they will be damaged in the future. ECF 36, PgID 2392–93. Both the MUDTPA and the GUDTPA do not address past harm and require Plaintiffs to allege that they "are likely to be damaged in the future by an unfair trade practice." *Collins*, 815 S.E.2d at 648; *Indep. Glass Ass'n, Inc. v. Safelite Grp., Inc.*, No. CIV. 05-238ADMFLN, 2005 WL 3079084, at *2 (D. Minn. Nov. 16, 2005).

Here, Plaintiffs' claims stem from allegedly deceptive advertising, not a defective product. ECF 30, PgID 1400, 1409. Any harm therefore occurred in the past—at the time of the sale of the oven when Plaintiffs were confused by the

allegedly deceptive advertising that the ovens would "self-clean" in a certain way and at the time that Plaintiffs first used the self-clean function and realized that it allegedly did not work as promised. Plaintiffs now know that the "self-cleaning" feature does not function in the way that Defendant allegedly advertised or in the way they believed it should. And they are now put on notice and can plan future oven cleanings accordingly. *See Olen v. N. Tier Retail, LLC*, No. CIV. 11-2665 DWF/JJG, 2012 WL 1580994, at *6 (D. Minn. May 4, 2012). Moreover, Plaintiffs fail to allege that they intend to purchase other ovens with the AquaLift self-clean feature in the future, so they will not benefit from an injunction relating to Defendant's alleged marketing scheme. *See Amin v. Mercedes-Benz USA, LLC*, 301 F. Supp. 3d 1277, 1293–94 (N.D. Ga. 2018) (citing *Terrill v. Electrolux Home Prods., Inc.*, 753 F. Supp. 2d 1272, 1291 (S.D. Ga. 2010)).

Rather, Plaintiffs claim that they will continue to be harmed in the future by the failure of the self-clean feature and by Defendant's failure to admit fault and repair the feature. ECF 37, PgID 2457. But the ongoing harm argument raised by Plaintiffs does not indicate a likelihood of future harm. Instead, the harms alleged stem from harm that Plaintiffs have already suffered. *See Amin*, 301 F. Supp. 3d at 1294 (citing *Buske v. Owens Corning (Corp.)*, No. 1:16-CV-709-TWT, 2017 WL 1062371, at *3 (N.D. Ga. Mar. 21, 2017)); *Jaskulske v. State Farm Mut. Auto. Ins. Co.*, No. 14-CV-869 PAM/TNL, 2014 WL 5530758, at *6 (D. Minn. Nov. 3, 2014). Plaintiffs fail to allege the likelihood of future harm and therefore lack standing to bring their MUDTPA and GUDTPA claims. The Court will dismiss both claims.

B.  *GFBPA*

Defendant argues that Plaintiffs are not permitted to bring a claim under the GFBPA on behalf of a putative class of buyers. ECF 36, PgID 2389. The GFBPA states that a "person who suffers injury or damages . . . as a result of consumer acts or practices in violation of this part . . . may bring an action individually, but not in a representative capacity." Ga. Code Ann. § 10-1-399(a). Plaintiffs contend that Federal Rule of Civil Procedure 23 preempts the class action bar outlined in the GFBPA because the class action bar is procedural rather than substantive. ECF 37, PgID 2454–55.

To properly analyze Defendant's argument, the Court must first determine whether the class action bar in the GFBPA is procedural or substantive. It is well established that that federal courts sitting in diversity jurisdiction must utilize federal procedural law and state substantive law. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Thus, if the class action bar is substantive in nature, it will apply and must be followed in federal court. *See Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 410 (2010). But there is no bright line between procedural and substantive law, and the distinction is difficult to determine, especially because the two categories are not mutually exclusive. *Godin v. Schencks*, 629 F.3d 79, 86 (1st Cir. 2010) (citation omitted).

In *Shady Grove*, the Supreme Court was presented with a similar issue as the one presently before the Court and was tasked with determining whether Federal Rule of Civil Procedure 23 or a New York law controlled in a class action filed in

federal court. 559 U.S. at 396. A majority of the Supreme Court concluded that Rule 23's conflict with the New York law was "unavoidable" and could not fairly be read to not "control the issue." *Id.* at 406 n.8. Accordingly, the Court held that the New York rule "cannot apply in diversity suits unless Rule 23 is ultra vires." *Id.* at 398–99. But no majority was able to come to an agreed upon standard. In applying *Shady Grove*, though, the majority of district and circuit courts view Justice Stevens' concurrence as controlling. *In re FCA US LLC Monostable Elec. Gearshift Litig.*, 355 F. Supp. 3d 582, 599–600 (E.D. Mich. 2018) (citing *Stein v. Regions Morgan Keegan Select High Income Fund, Inc.*, 821 F.3d 780, 794 (6th Cir. 2016)); *see also Greene v. Gerber Prods. Co.*, 262 F. Supp. 3d 38, 60 (E.D.N.Y. 2017) (collecting cases).

In his concurring opinion, Justice Stevens wrote that the inquiry should "not necessarily turn on whether the state law at issue takes the form of what is traditionally described as substantive or procedural. Rather, it turns on whether the state law actually is part of a State's framework of substantive rights or remedies." *Shady Grove*, 559 U.S. at 419 (Stevens, J., concurring in part and concurring in judgment). So, courts presented with the same issue presently before the Court have framed the inquiry as whether the state statute "provides a procedure that is 'so bound up with the state-created right or remedy that it defines the scope of that substantive right or remedy.'" *In re Digital Music Antitrust Litig.*, 812 F. Supp. 2d 390, 416 (S.D.N.Y. 2011) (quoting *Shady Grove*, 559 U.S. at 420 (Stevens, J. concurring in part and concurring in judgment)). If the answer is in the affirmative, then Rule 23 must yield to the state law, because it would "effectively abridge[],

17

enlarge[], or modif[y] a state-created right or remedy." *Shady Grove*, 559 U.S. at 422 (Stevens, J. concurring in part and concurring in judgment).

Post-*Shady Grove* decisions addressing the class action bar in the GFBPA and other states' similar class action bars have been inconsistent. *Compare Andren v. Alere, Inc.*, No. 16CV1255-GPC(AGS), 2017 WL 6509550, at *22 (S.D. Cal. Dec. 20, 2017) (collecting cases that applied Rule 23) *with In re Target Corp. Data Sec. Breach Litig.*, 66 F. Supp. 3d 1154, 1165 (D. Minn. 2014) (collecting cases that applied the class action bars). The Court agrees with the application in the latter set of cases and finds that the GFBPA's class action bar is not preempted by Rule 23. *See also Matanky v. GM LLC*, 370 F. Supp. 3d 772, 798–99 (E.D. Mich. 2019). When a state legislature creates a private right of action to enforce a state statute's requirements, the state's definition of that private right of action to prohibit class actions "define[s] the scope of the state-created right." *Shady Grove*, 559 U.S. at 423 (Stevens, J. concurring in part and concurring in judgment). To ignore the state statute and apply Rule 23 in federal courts would abridge and enlarge the scope of the state-created rights and "encourage forum shopping and the inequitable administration of laws." *In re Asacol Antitrust Litig.*, No. 15-CV-12730-DJC, 2016 WL 4083333, at *15 (D. Mass. July 20, 2016). The GFBPA's class action bar is therefore substantive and must apply here. Accordingly, Plaintiffs cannot maintain a class action as to the alleged consumer-protection violations of the GFBPA.

# ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendant's motion to dismiss [36] is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that:

- Count I: The MMWA implied warranty claims of Plaintiffs the Danielkiewiczs and Goodman are **DISMISSED WITHOUT PREJUDICE**.

- Count II: All Plaintiffs' breach of contract claims are **DISMISSED WITH PREJUDICE**.

- Count III: The express UCC warranty claims of Plaintiffs Powers and Apgar are **DISMISSED WITHOUT PREJUDICE**. But Defendant's motion to dismiss Leonti and Stockbridge's express UCC warranty claims are **DENIED**.

- Count IV: The UCC implied warranty claims of Plaintiffs the Danielkiewiczs, Powers, Leonti, Stockbridge, and Stamates are **DISMISSED WITHOUT PREJUDICE**.

- Count XV: The MUDTPA claim of Plaintiffs the Moellers is **DISMISSED WITHOUT PREJUDICE**.

- Count XVII: Plaintiffs' class claims under the GFBPA are **DISMISSED WITHOUT PREJUDICE**.

- Count XVIII: The GUDTPA claim of Plaintiffs Jenkins is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: November 22, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 22, 2019, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager